UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

EMMANUEL PATTERSON,

      Plaintiff,

      v.                                                            17-CV-1068 (JLS)

G. KEVIN LUDLOW, S. GAULT,
JULIE SMITH, ELLEN ALEXANDER,
WALTER WM. SMITH, TINA M.
STANFORD, ANTHONY J. ANNUCCI,
STEPHEN MAHER,

      Defendants.

_____

### DECISION AND ORDER

    *Pro se* plaintiff Emmanuel Patterson filed this action on October 23, 2017.

Dkt. 1.  During screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court[1]

dismissed all of Patterson's claims, except his equal protection claim for race-based

disparate treatment during his parole hearing.  *See* Dkt. 5, at 9-12.

    That claim proceeded to service.  Dkts. 8, 9.  In response, Defendants moved

to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).  Dkt. 11.  Patterson sought, and obtained, an extension until October 7,

2019 to respond to Defendants' motion.  Dkts. 13, 14.  But he did not respond by

that date and did not seek an extension.

_____

[1] Hon. Lawrence J. Vilardo previously was assigned to this case and issued this
decision and order.  *See* Dkt. 5.  On January 6, 2020, this case was reassigned to the
undersigned.  Dkt. 15.

On April 30, 2020, this Court ordered Patterson to respond to Defendants'
motion by May 18, 2020.  Dkt. 16.  The Court also warned Patterson "that his
failure to respond to the motion to dismiss may result in the dismissal of his action
with prejudice," and informed him that it would proceed to decide the motion after
May 18, 2020, regardless whether Patterson responded.  *Id.*  To date, Patterson has
not responded.

For the following reasons, the Court grants Defendants' motion to dismiss.

## DISCUSSION

### I.   LEGAL STANDARDS

#### A. Unopposed Motions

When presented with an unopposed motion, the Court "may not find for the
moving party without reviewing the record and determining whether there is
sufficient basis for granting the motion."  *See Haidon v. Budlong & Budlong, LLC*,
318 F. Supp. 3d 568, 574-75 (W.D.N.Y. 2018) (internal quotations and citation
omitted).  For unopposed motions pursuant to Federal Rule of Civil Procedure 12(b),
the Court "must review the merits of the motion and determine whether the
[moving party] carried its burden."  *See Anderson v. Pedalty*, No. 14-CV-00192, 2015
WL 1735192, at *1 (W.D.N.Y. Apr. 16. 2015) (internal quotations and citation
omitted).

And where disposition of an unopposed motion involves a *pro se* litigant, the
Court will construe pleadings liberally and interpret them to "raise the strongest

arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)
(internal quotations and citation omitted).

### B. Motions Pursuant to Rules 12(b)(1) and 12(b)(6)

A district court properly dismisses claims for lack of subject-matter
jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power
to adjudicate them. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201
F.3d 110, 113 (2d Cir. 2000). The party asserting subject-matter jurisdiction "has
the burden of proving by a preponderance of the evidence that it exists." *Makarova*,
201 F.3d at 113.

To survive a motion to dismiss under Federal Rule of Civil Procedure
12(b)(6), a plaintiff must allege facts that—accepted as true—are sufficient to "state
a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The
complaint need not contain detailed factual allegations, but "at a bare minimum . . .
the plaintiff [must] provide the grounds upon which his claim rests through factual
allegations sufficient to raise a right to relief above the speculative level." *Yang
Zhao v. Keuka Coll.*, 264 F. Supp. 3d 482, 490 (W.D.N.Y. 2017) (quoting *Goldstein v.
Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)).

Where a defendant moves to dismiss under Rule 12(b)(1) and on other
grounds, the court should consider the Rule 12(b)(1) challenge first. *See, e.g.,
Frederick v. State*, 232 F. Supp. 3d 326, 331 (W.D.N.Y. 2017) ("A motion questioning
the Court's subject matter jurisdiction must be considered before other challenges

since the Court must have jurisdiction before it can properly determine the merits of a claim.") (internal quotations and citation omitted).

## II. <u>THE COURT LACKS JURISDICTION OVER PATTERSON'S CLAIM</u>

### A. Request for Money Damages

Among other relief, Patterson seeks compensatory damages from Defendants for the additional time he spent in prison after being denied release on parole. *See* Dkt. 1, at 39-40. Because Patterson's remaining claim is against parole board commissioners who conducted his hearing and denied him parole, absolute immunity precludes the money damages he seeks.

Parole board officials "are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny[,] or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Courts "take a functional approach" to determining whether an official acted in an adjudicative role and consider "'the nature of the responsibilities of the individual official.'" *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985)). Absolute immunity applies to judicial functions, even where the action at issue allegedly "was in error" or "was done maliciously," or where the plaintiff alleges that the defendant was biased against him. *Id.* (quoting *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990)) (internal quotations omitted).

As construed by the Court, Patterson's remaining claim alleges that parole board commissioners treated him differently than similarly situated prisoners because of his race when deciding whether to grant or deny parole. *See* Dkt. 1, at 5,

4

31-34; Dkt. 5, at 9-11.  In other words, Patterson challenges the parole board commissioners' conduct in deciding whether to grant him parole.  This conduct is "precisely the type to which absolute immunity . . . appli[es]."  *See Trueluck v. N.Y. State Bd. of Parole*, No. 9:08-CV-1205 (GLS/DEP), 2010 WL 1268028, at*11 (N.D.N.Y. Feb. 23, 2010).  Thus, Defendants have absolute immunity from Patterson's equal protection claim for money damages, and the Court lacks jurisdiction over that aspect of his claim.

### B.  Request for Declaratory or Injunctive Relief

The Court previously held that "insofar as Patterson seeks an unbiased parole hearing, his equal protection claim survives screening." Dkt. 5, at 11.  The Court now must consider whether an equal protection claim by Patterson for "declaratory relief[] and injunctive relief seeking an unbiased parole board panel" survives Defendants' motion to dismiss, in light of Patterson's intervening release on parole.  *See id.* at 11 n.4.

Article III of the United States Constitution limits the Court's jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  To satisfy this case-or-controversy requirement, "a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotations and citation omitted).  If, due to an intervening event, this requirement is no longer satisfied, the "case becomes moot."  *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).  At that point, "it [is] impossible for the court to grant any

5

effectual relief whatever to a prevailing party, [and the court] must dismiss the case." *Blackburn*, 461 F.3d at 261 (internal quotations and citations omitted).

The party asking the Court to exercise its jurisdiction has the burden of "clearly . . . alleg[ing] facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 11 (1998)) (internal quotations omitted).

As the Court explained in its earlier decision and order, the only relief available to Patterson here is injunctive or declaratory relief in the form of a new parole hearing before unbiased parole board commissioners. *See* Dkt. 5, at 11 & n.4; *see also id.* at 6 (explaining limitations of relief in Section 1983 actions, as compared to relief available in habeas corpus actions). Patterson was released on parole on October 11, 2018. *See* DEP'T OF CORR. & CMTY. SUPERVISION, *Inmate Lookup*, http://nysdoccslookup.doccs.ny.gov (last visited Feb. 9, 2021).[2] And he did not respond to Defendants' motion, despite multiple extensions of time and a reminder to do so. *See* Dkts. 14, 16.

In light of Patterson's release and failure to offer any allegations of continued harm or to form a basis for the Court's jurisdiction in response to Defendants' motion, his equal protection claim is moot. *See, e.g., Gomez v. Alexander*, No. 08 Civ. 8800 (RMB) (KNF), 2010 WL 1257331, at *5 (S.D.N.Y. Mar. 24, 2010) (dismissing as moot equal protection claim based on denial of parole, where plaintiff received a new hearing because he "received the remedy that he sought, *i.e.*, a

---

[2] One can search for Patterson's release status by entering his DIN: 79-B-1572.

(re)appearance before the Parole Board, and he fail[ed] to allege that (another) appearance would be likely to remedy any injury that may remain") (internal citation omitted); *Trueluck*, 2010 WL 1268028, at *5 (holding that "in light of plaintiff's release from prison, his claim for injunctive relief no longer presents a live controversy," and noting that plaintiff was "no longer in a position to benefit from the relief sought . . . since he ha[d] already been paroled").  Because a favorable decision from this Court would not redress the harm that Patterson alleges, his remaining claim is dismissed.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. 11) and dismisses Patterson's complaint (Dkt. 1).  The Clerk of Court shall close this case.


SO ORDERED.

Dated:          February 10, 2021
               Buffalo, New York


JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE